FILED
U.S. DISTRICT COURT

2009 SEP 18 P 3:44

DISTRICT OF UTAH

BY:_____
    DEPUTY CLERK

SHANE D. HILLMAN (8194)
PARSONS BEHLE & LATIMER
One Utah Center
201 South Main Street, Suite 1800
Salt Lake City, UT 84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
E-mail: shillman@parsonsbehle.com

RICHARD S. KRUMHOLZ
Texas Bar No. 00784425
KRISTIN R. TURNER
Texas Bar No. 24049549
REBECCA O. MILNE
Texas Bar No. 24056904
FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
E-mail: rkrumholz@fulbright.com
E-mail: kturner@fulbright.com
E-mail: rmilne@fulbright.com
*Pro Hac Vice* Applications Pending

Attorneys for JP Morgan Chase Bank, NA,
individually and as Administrative Agent

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| EZRA K. NILSON, SCOTT NELSON, LEONARD K. ARAVE, INDIVIDUALLY, AND AS APPLICABLE, AS TRUSTEES OF THE JESSICA NILSON TRUST, THE JOY NILSON TRUST, THE BENJAMIN EZRA NILSON TRUST, THE BRETT NILSON TRUST, THE ABBY NILSON TRUST, THE NELLIE JOE NILSON TRUST, AND JOHN DOES 1-50,<br><br>Plaintiffs, | **NOTICE OF REMOVAL**<br><br>Case: 1:09cv00121<br>Assigned To : Waddoups, Clark<br>Assign. Date : 9/18/2009<br>Description: Nilson et al v. JP Morgan et al |

|  |  |
|---|---|
| vs.<br><br>JPMORGAN CHASE BANK, N.A. INDIVIDUALLY AND AS ADMINISTRATIVE AGENT, BANK OF AMERICA, N.A., WACHOVIA BANK, N.A., GUARANTY BANK, WASHINGTON MUTUAL BANK, U.S. BANK NATIONAL ASSOCIATION, KEYBANK N.A., REGIONS BANK, BANK OF THE WEST, UNION BANK OF CALIFORNIA, N.A., WELLS FARGO BANK NATIONAL ASSOCIATION, COMERICA BANK, SUNTRUST BANK, COMPASS BANK, FIRST COMMERCIAL BANK, NEW YORK AGENCY, AND JANE DOES 1-50,<br><br>Defendants. |  |

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendant JP Morgan Chase Bank, N.A. ("JP Morgan" or "Defendant"), both individually and as Administrative Agent, and expressly reserving all rights otherwise to respond to this lawsuit, hereby removes this action, formerly pending as Civil Cause No. 090700622 in the Second Judicial District Court for Davis County, Utah (the "Action") to the United States District Court of Utah, Northern Division. In support of this Notice of Removal, Defendant respectfully states as follows:

## I
## INTRODUCTION

1. On or about September 9, 2009, Plaintiffs Ezra K. Nilson, Scott Nelson and Leonard K. Arave, individually and, as applicable, as trustee of the Jessica Nilson Trust, the Joy Nilson Trust, the Benjamin Ezra Nilson Trust, the Brett Nilson Trust, the Abby Nilson

Trust, the Nellie Joe Nilson Trust, and John Does 1-50 (collectively, "Plaintiffs") filed a Complaint against Defendant JP Morgan and others for declaratory relief in the Second Judicial District Court for Davis County, Utah, Civil Cause No. 090700622 (the "Complaint"), a true and correct copy of which is attached hereto as Exhibit "A."

2.  In the Complaint, Plaintiffs state that they seek declaratory relief relating to the Continuing Subordination and Standstill Agreement ("Subordination Agreement"), executed between the Plaintiffs, Defendant JP Morgan Chase, and various other entities that were not named as parties to this action. While Plaintiffs' allegations in the Complaint are somewhat ambiguous, they do deny the contentions made in a demand letter ("Demand Letter") dated September 3, 2009, from Richard S. Krumholz, counsel for JP Morgan, to Tony Castañeres, counsel for Plaintiffs, relating to distributions to Plaintiffs that were improper under the Subordination Agreement, a true and correct copy of which is attached hereto as Exhibit "B," and appear to seek a declaration of their legal obligations and rights under the Subordination Agreement. Complaint at ¶¶ 12, 18. In addition, Plaintiffs both assert Defendant somehow breached the Subordination Agreement and "reserve their rights" to later allege affirmative causes of action. Complaint at ¶ 16.

3.  Defendant JP Morgan's counsel accepted service on the Complaint on September 17, 2009. At the time of the filing of this notice, JP Morgan is the only defendant served with the Complaint.

4.  No Act of Congress prohibits the removal of this cause, and this cause is removable under 28 U.S.C. §1441, et. seq.

5. The United States District Court for Utah, Northern Division, embraces the County in which the action is now pending. Therefore, this Court is the proper court to which this action should be removed pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446(b).

6. This Notice of Removal is filed within thirty (30) days after receipt by Defendant JP Morgan of the initial pleading on which this Action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

7. The basis for subject matter jurisdiction in this Court is diversity of citizenship under 28 U.S.C. § 1332(a). As set forth below, this Court has jurisdiction because it is a civil action with complete diversity between Plaintiffs and Defendant, and the amount in controversy exceeds the sum of $75,000.

8. Attached hereto are all pleadings, process and orders served upon Defendant JP Morgan, including the Complaint (Exhibit "A") and Defendant JP Morgan Chase Bank, N.A.'s Waiver and Acceptance of Service (Exhibit "D").

## II
## DIVERSITY OF CITIZENSHIP AND PARTIES WITH INTEREST[1]

9. This court has original jurisdiction over this civil action on the basis of diversity of citizenship as provided in 18 U.S.C. § 1332. Complete diversity of citizenship between the parties to this Action existed at the time of the incidents alleged in the Complaint, at all times thereafter, and still exists at the time of this removal.

---

[1] JP Morgan asserts that none of the defendants, with the exception of JP Morgan as Administrative Agent, are appropriate parties to this lawsuit because they are not real parties in interest. With that said, as discussed herein, diversity jurisdiction is still appropriate when considering the citizenship and status of all defendants herein.

10. Plaintiff Ezra K. Nilson ("Nilson") is and was at the time this suit commenced a citizen of the State of Nevada. Complaint at ¶1.

11. Plaintiff Scott Nelson ("Nelson") is and was at the time this suit commenced a citizen of the state of Utah. Complaint at ¶1.

12. Plaintiff Leonard K. Arave ("Arave") is and was at the time this suit commenced a resident of Davis County, Utah, and a citizen of the state of Utah. Complaint at ¶1.

13. Defendant JP Morgan is and was at the time this suit commenced a national banking association with its "main office" in Columbus, Ohio. Thus, JP Morgan is a citizen of the State of Ohio for the purpose of determining diversity under 28 U.S.C. § 1348.

14. Defendant Bank of America, N.A., is and was at the time this suit commenced a national banking association with its "main office" in North Carolina. Thus, Bank of America, N.A. is a citizen of the State of North Carolina for the purpose of determining diversity under 28 U.S.C. § 1348.

15. Defendant U.S. Bank, N.A., is and was at the time this suit commenced a national banking association with its "main office" in Cleveland, Ohio. Thus, U.S. Bank, N.A. is a citizen of the State of Ohio for the purpose of determining diversity under 28 U.S.C. § 1348.

16. Defendant Washington Mutual Bank ("WMB") no longer has any interest in the loans at issue and therefore, as consistently held by the U.S. Supreme Court, WMB cannot be considered for purposes of determining diversity jurisdiction. *Salem Trust Co. v. Mfrs. Fin. Co.*, 264 U.S. 182 (1924) (mere stakeholder with no interest in the funds at issue

is a nominal party not to be considered for diversity jurisdiction); *Wood v. Davis*, 59 U.S. 460, 469 (1855) ("It has been repeatedly decided by this court, that ... parties without interest cannot oust the federal courts of jurisdiction"). On September 25, 2008, WMB was closed by the Office of Thrift Supervision, and the FDIC was appointed as receiver over WMB. Immediately after its appointment as receiver, the FDIC sold substantially all the assets of WMB to JP Morgan, including the loan from WMB to Woodside Group, LLC and Pleasant Hill Investments, LC that is governed by the Senior Credit Agreement (defined below). *See* Affidavit of George W. "Buzz" Welch ("Welch Affidavit"), attached hereto as Exhibit "C." This sale was made pursuant to that certain Purchase and Assumption Agreement, dated as of September 25, 2008, a true and correct copy of which is attached to the Welch Affidavit as Exhibit "3" thereto. As a result, WMB no longer has any interest in the loans made under the Senior Credit Agreement (as defined below) or in the subject matter of the Subordination Agreement (as defined below) at issue in this case. As stated above, the successor in interest to these agreements is Defendant JP Morgan, a citizen of the State of Ohio for the purpose of determining diversity under 28 U.S.C. § 1348. Furthermore, WMB is an improper party because Plaintiffs have failed to pursue their claims against WMB through the administrative process as set forth in FDIC Regulations and other applicable rules and law.

17. Defendant Wachovia Bank, N.A., is and was at the time this suit commenced a national banking association with its "main office" in Randleman, North Carolina. Thus, Wachovia Bank, N.A., is a citizen of the State of North Carolina for the purpose of determining diversity under 28 U.S.C. § 1348.

18.     Defendant Bank of the West is and was at the time this suit commenced incorporated in the State of California. Bank of the West maintains its principal place of business in San Francisco, California. Thus, Bank of the West is a citizen of the State of California for the purpose of determining diversity under 28 U.S.C. § 1332(c)(1).

19.     Defendant BBVA Compass Bank, f/k/a Compass Bank ("Compass Bank") is and was at the time this suit commenced incorporated in the State of Alabama. Compass Bank maintains its principal place of business in Birmingham, Alabama. Thus, Compass Bank is a citizen of the State of Alabama for the purpose of determining diversity under 28 U.S.C. § 1332(c)(1).

20.     Defendant Guaranty Bank was closed on August 21, 2009 by the Office of Thrift Supervision and a receiver was appointed by the FDIC over its assets and liabilities. Guaranty Bank no longer has an interest in the loans at issue or the Senior Credit Agreement (as defined below) or the Subordination Agreement (as defined below), the interest in all of which have been purchased by Compass Bank, a citizen of the State of Alabama (as stated above) for the purpose of determining diversity under 28 U.S.C. § 1332(c)(1). As a result, Guaranty Bank is a nominal party and has no real interest in the outcome of this litigation. *Salem Trust Co.*, 264 U.S. at 182; *Wood*, 59 U.S. at 469. Guaranty Bank is a citizen of the State of Texas for the purpose of determining diversity jurisdiction because it operated prior to closure as a federal association with its "home office" in Austin, Texas. Additionally, it was formed under the laws of the State of Texas and at all relevant times prior to entering receivership maintained its principal place of business in Texas. Furthermore, Guaranty is an improper party because Plaintiffs have

failed to pursue their claims against Guaranty through the administrative process as set forth in FDIC Regulations and other applicable rules and law.

21. Defendant Union Bank of California, N.A., is and was at the time this suit commenced a national banking association with its "main office" in San Francisco, California. Thus, Union Bank of California, N.A. is a citizen of the State of California for the purpose of determining diversity under 28 U.S.C. § 1348.

22. Defendant First Commercial Bank, New York Agency, is and was at the time this suit commenced a corporation formed in Taiwan, Republic of China and headquartered in Taipei, Taiwan. First Commercial Bank, New York Agency, has registered with the State of New York and maintains its principal place of business in New York, New York. Thus, First Commercial Bank is a citizen of the State of New York for purpose of determining diversity under 28 U.S.C. § 1332(c)(1).

23. Defendant SunTrust Bank is and was at the time this suit commenced incorporated in the State of Georgia. SunTrust Bank maintains its principal place of business in Georgia. Thus, SunTrust Bank is a citizen of the State of Georgia for the purpose of determining diversity under 28 U.S.C. § 1332(c)(1).

24. Defendant Comerica Bank is and was at the time this suit commenced incorporated in the State of Texas. Comerica Bank maintains its principal place of business in Dallas, Texas. Thus, Comerica Bank is a citizen of the State of Texas for the purpose of determining diversity under 28 U.S.C. § 1332(c)(1).

25. Defendant Wells Fargo Bank, N.A., is and was at the time this suit commenced a national banking association with its "main office" in Sioux Falls, South

Dakota. Thus, Wells Fargo Bank, N.A. is a citizen of the State of South Dakota for the purpose of determining diversity under 28 U.S.C. § 1348.

26.  Defendant KeyBank, N.A., is and was at the time this suit commenced a national banking association with its "main office" in Cleveland, Ohio. Thus, KeyBank, N.A. is a citizen of the State of Ohio for the purpose of determining diversity under 28 U.S.C. § 1348.

27.  Defendant Regions Bank is and was at the time this suit commenced incorporated in the State of Alabama. Regions Bank maintains its principal place of business in Birmingham, Alabama. Thus, Regions Bank is a citizen of the State of Alabama for the purpose of determining diversity under 28 U.S.C. § 1332(c)(1).

28.  Accordingly, none of the defendants are citizens of the states of Utah or Nevada, and complete diversity exists among the parties to the action pursuant to 28 U.S.C. § 1332(a).

## III
## AMOUNT IN CONTROVERSY

29.  The Plaintiffs have not specifically articulated the amount in controversy in this action. The Tenth Circuit has held that the amount of controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). *See also McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008). In cases seeking declaratory and injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." *See Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d

893, 897 (10th Cir. 2006). The removing defendant is required to prove jurisdictional facts by a "preponderance of the evidence" that such amount in controversy may exceed $75,000. *McPhail*, 529 F.3d at 953.

30. To satisfy the preponderance standard, the removing defendant may support federal jurisdiction either: (1) by establishing that it is "facially apparent" that the claims probably exceed $75,000; or (2) by establishing the facts in controversy in the removal petition or an accompanying affidavit to show the amount in controversy is met. *McPhail*, 529 F.3d at 956 (aside from facts in the complaint, the Tenth Circuit has permitted defendants to rely on other documents, such as discovery responses, affidavits, or other "summary-judgment-type evidence" that may be in a defendant's possession). As the Tenth Circuit has stated, "[t]he amount in controversy is an estimate of the amount that will be put at issue in the course of the litigation." *Id.*

31. While it is facially apparent from the Complaint that Plaintiffs allege Defendant somehow breached the Subordination Agreement and some "related" duty of good faith, no affirmative causes of action have been pled. Thus, while Plaintiffs "reserve their rights" to assert affirmative claims against Defendant "after sufficient discovery...," the Complaint amounts to nothing more than a defensive pleading, drafted and filed in order to win some sort of "race to the courthouse" apparently in an effort to secure a judicial forum which they believed to be most favorable to their interests. Complaint at ¶¶ 13, 15 and 16. As a result, per Tenth Circuit law the Court must look to other documents (here, Defendant's Demand Letter (a true and correct copy of which his attached to the Welch

Affidavit as Exhibit "2" thereto) and the Welch Affidavit) to understand the true nature of the proceeding and the amount in controversy.

32. As stated in the Demand Letter and the Welch Affidavit, the individual Plaintiffs are all executives of Woodside Group, LLC and Pleasant Hill Investments, LC (collectively, "Woodside"), both which are currently in bankruptcy. On May 5, 2006, in order to obtain hundreds of millions of dollars in loans from defendants, the individual Plaintiffs signed a Subordination Agreement in which they agreed not to accept distributions from Woodside if the Woodside entities were in default under a senior credit agreement also dated May 5, 2006 (the "Senior Credit Agreement"). Despite this express agreement, Plaintiffs (as officers of Woodside) directed Woodside to make distributions, which Woodside then made, to these individual Plaintiffs, as well as their related family trusts, in amounts exceeding $50 million. Through its Demand Letter, and now through this lawsuit, Defendant JP Morgan (as Administrative Agent for the Senior Lenders under the Senior Credit Agreement) is seeking recovery of these funds that rightfully belong to it and the other named defendants, and that were wrongfully transferred to and/or for the benefit of the Plaintiffs in breach of the Subordination Agreement, and injunctive relief relating thereto. *See* Welch Affidavit.

33. As stated in the Welch Affidavit, Defendant has knowledge and information that the amount wrongfully transferred and thus, the amount in dispute (exclusive of interest and attorneys' fees), totals more than $50 million. Affidavit at ¶¶ 7-9.

34. As a result, the evidence attached hereto and referenced herein establishes that the amount in controversy exceeds the $75,000 requirement.

## IV
## NOTICE OF FILING

35. Pursuant to 28 U.S.C. § 1446(d), Defendant is filing written Notification of Removal with the clerk of the Second Judicial District Court for Davis County, Utah, in which the Action is currently pending. Copies of the Notification of Removal, together with this Notice of Removal, are being served upon Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d), and upon all named parties to this Action.

36. For the Foregoing reasons, this Action is removed to this Court, pursuant to 28 U.S.C. § 1441.

DATED this 18th day of September 2009.

SHANE D. HILLMAN
PARSONS BEHLE & LATIMER

OF COUNSEL:
RICHARD S. KRUMHOLZ
KRISTIN R. TURNER
REBECCA O. MILNE
FULBRIGHT & JAWORSKI L.L.P.
*Pro Hac Vice* Applications Pending

Attorneys for JP Morgan Chase Bank, NA, individually and as Administrative Agent

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of September, 2009, I caused to be served, by first-class mail, postage prepaid, a true and correct copy of the foregoing **NOTICE OF REMOVAL**, to:

| | |
|---|---|
| Ralph R. Mabey<br>STUTMAN TREISTER & GLATT PC<br>185 South State Street #800<br>Salt Lake City, Utah 841111 | Tony Castanares<br>Stephan M. Ray<br>Anthony Arnold<br>STUTMAN TREISTER & GLATT PC<br>1901 Avenue of the Stars, Suite 1200<br>Los Angeles, California 90067 |
| Mark F. James<br>Gary A. Dodge<br>HATCH JAMES & DODGE<br>10 West Broadway, Suite 400<br>Salt Lake City, Utah 84101 | |

*/s/ Cherie Thurston*